27 C.C.P.A. (Patents)

### OAKITE PRODUCTS, Inc., v. H. KIRK WHITE & CO.
### Patent Appeal No. 4204.

Court of Customs and Patent Appeals.
Dec. 4, 1939.

Louis Alexander, of New York City, for appellant.

Arthur Hale, of Washington, D. C. (Charles R. Allen, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal in a trade-mark opposition proceeding originating in the United States Patent Office, appellant being the opposer. The Examiner of Interferences dismissed the opposition and adjudged appellee entitled to registration. The Commissioner of Patents affirmed his decision. From the decision of the latter the instant appeal was taken.

On November 12, 1936, appellee made application for registration, under the act of February 20, 1905, of the notation "So-White Hand Cleaner" for use on a "Powdered Hand Cleaner." There was disclaimer as to the words "Hand Cleaner." We note that the symbol representing what is referred to as the letter "o" following the "S," as shown on the specimen, is not, in fact, in the form of that letter but is a solid white disk. However, it is assumed that in pronouncing the compound word the long "o" sound is given. Use of the mark was claimed "since September 15, 1936." The merchandise is described in a stipulation of counsel for the respective parties as "a slightly saponifying detergent containing no abrasives," and it is stated that it is marketed in bulk and in packages. Samples of the packages were filed as exhibits.

Appellant in due time filed notice of opposition to the registration, pleading its use and registration of the term "Oakite" on a product alleged, in effect, to possess the same descriptive properties as the powdered hand cleaner of appellee.

Ownership of several registrations of the term "Oakite" is alleged in the notice of opposition and the certificates of two of these are embraced in the record. The last of these, No. 330,255, bears date of November 26, 1935, which was prior to the date of appellee's application. So far as the certificate standing alone is concerned, it does not indicate that the product to which the mark was being applied was one for use upon the person. It recites that it is for "chemical compounds having water-softening qualities" recommended for "cleansing, washing and polishing" a variety of articles named. However, it is shown by the record that at least one of the Oakite company's products to which the mark is applied has been widely advertised as being especially useful in removing grease and oil from hands.

No oral testimony was taken but stipulations as to certain testimony and facts were entered into and filed on behalf of both parties. It is unnecessary to review those at length. In the decision of the Examiner of Interferences it was said:

"The merchandise sold by the opposer is a non-saponaceous chemical cleaning preparation put up in granulated or powder form, which has been marketed in bulk and in retail packages for many years. As indicated by the exhibits referred to in paragraph 8 of the stipulated evidence, this preparation is recommended for a multiplicity of household and other uses, such as for cleansing dishes, cooking utensils, painted or varnished surfaces, clothing, etc. It is also recommended for washing hands. To summarize, it is believed that the goods of the opposer is a detergent material of general utility.

"The goods of the applicant is described as a 'powdered hand cleaner' and as such possesses a specifically different trade appeal from the goods of the opposer."

In both instances the goods are shown to have been sold for household use and the commissioner expressly held them to be of the same descriptive properties. We are of the opinion that such holding was correct.

So, the issue is limited to the question of similarity of the marks—specifically whether they are so similar as to be likely to cause confusion in the mind of the public or deceive purchasers as to origin.

Appellant points out that both marks comprise two-syllable words; that the letter "o" is common to both and that each ends in the suffix "ite." It is not insisted, however, that in actual physical appearance there is any close resemblance; appellant stressing more especially the element of "phonetic similarity."

The principal court decisions cited by appellant are one of this court in the case of Buckeye Soda Co. v. Oakite Products, Inc., 56 F.2d 462, 19 C.C.P.A., Patents, 1034, where we held "Novite" and "Oakite" to be confusingly similar, affirming the decision of the Commissioner of Patents in that respect, and a decision of the Supreme Court of the State of New York in the case of Oakite Products, Inc. v. Boritz et al., 161 Misc. 807, 293 N.Y.S. 399, enjoining use by the latter of the word "Borite" on the ground that it infringed "Oakite." There were also cited several decisions of the tribunals of the Patent Office in opposition and cancellation cases where appellant has prevailed against various marks, such as "Ozite," "Florite," "Colite," "Soakwhite," and others wherein the letter "O" appeared, "ite" constituting the suffix.

We, in common with other courts, frequently have had occasion to point out that each trade-mark case where the issue involved is solely that of similarity of marks must, in the final analysis, be determined largely upon the basis of opinion as to such similarity and not by comparison with other cases involving other words.

In the instant case we see practically no physical resemblance between the contesting marks, each considered as a whole, nor is there any resemblance in the per se meaning of the terms. "Oakite" appears to be a purely arbitrary term. It is not suggestive of any quality of appellant's hand cleaner nor of any result obtained from its use. "So-White" may be somewhat suggestive of quality or result, but, as was said below in substance, it consists of a combination of two ordinary English words and its meaning is hardly capable of being misunderstood.

It is true that because of the presence of "o" (in appellee's case of a symbol so pronounced), and the suffix "ite," a certain resemblance in sound may result from the pronunciation of the terms, and, as has been stated, this is stressed by counsel for appellant. We have taken note of phonetic similarity in many cases when it appeared that the conflicting words might easily be confused in pronunciation, but in the instant case we find no ground for believing that any such confusion might reasonably be anticipated. The rule of phonetic resemblance, if it may be so designated, should not be applied because of a mere possibility of occasional confused enunciation of words. There should be a reasonable probability at least. We do not think such probability may be assumed in this case.

The decision of the Commissioner of Patents is affirmed.

Affirmed.