36 C.C.P.A.(Patents)

**OAKITE PRODUCTS, Inc. v. GLOBE CHEMICAL CO.**

Patent Appeal No. 5568.

United States Court of Customs and Patent Appeals.

April 12, 1949.

Klein, Alexander & Cooper, of New York City (Horst von Maltitz, of New York City, of counsel), for appellant.

Murray, Sackhoff & Paddack, of Cincinnati, Ohio (Walter S. Murray, of Cincinnati, Ohio, of counsel), for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition to appellee's application for registration of the notation "Globrite" as applied to a powdered cleaning compound, and holding that appellee was entitled to register the mark under section 5 of the Trade-Mark Act of February 20, 1905, 33 Stat. 725.

It is alleged in appellee's application for registration that appellee has used its mark on its goods since June 16, 1944.

In its notice of opposition, appellant alleges that it is the owner of the trade-mark registration No. 330,255 of November 26, 1935, and of the prior registrations therein referred to, including registration No. 80,287 of November 29, 1910, renewed (both being for the mark "Oakite"); that it has used its mark on its goods ever since about February 2, 1909, and that it would be damaged by the registration of the mark "Globrite" to appellee; that the mark sought to be registered so nearly resembles opposer's trade-mark "Oakite" as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers; that the powdered cleaning compound for which appellee seeks to register the mark "Globrite" and the compounds sold by appellant under its trade-mark "Oakite" constitute merchandise of the same descriptive properties, and are sold in direct competition with each other for identical purposes; that many persons would fail to notice the slight difference between the marks "Globrite" and "Oakite" and would thus be likely to buy applicant's powdered cleaning compound as and for a cleaning compound placed on the market by appellant, and that this would result in loss of sales to appellant; and, that any fault or defect found in appellee's "Globrite" powdered cleaning compound would seriously injure the reputation which appellant has established.

The case was submitted on a stipulation of facts and the stipulated testimony of H. Liggett Gray, vice-president of appellant corporation.

Both parties filed briefs and were represented by counsel at the hearings.

In his decision, the examiner held that the opposer is the prior user, the goods are of the same descriptive properties, and that confusion is not likely to arise by reason of the use of the mark "Globrite" on the goods in question; and he dismissed the notice of opposition and held that appellee is entitled to the registration for which it has made application.

The commissioner sustained the decision of the examiner.

The stipulated facts show that appellee has used the mark "Globrite" on its goods since 1944, and that appellant has used its trade-mark "Oakite" on its goods since 1909; that appellant's sales of "Oakite" products have amounted to the total whole-sale value of approximately $67,000,000; that appellant has spent approximately $7,000,000 for advertising its "Oakite" products; that appellant has frequently been involved in litigation before the Patent Office tribunals and the courts, and has usually succeeded in its efforts to enjoin infringements and to prevent or cancel the registration of marks which it opposed; and, that appellee, under its mark "Globrite" has sold goods of the wholesale value of $15,000 and has spent for advertising approximately $1,100.

Appellant in its brief says, "The only real issue, under the circumstances, is the question whether the simultaneous use of the trade-marks Oakite and Globrite, as applied to competing cleaning compounds, is likely to lead to confusion in trade." Appellant contends that "the similarity between these two marks is striking, particularly in sound," and in its brief says, "The question of similarity between appellant's Oakite mark to marks of other parties has twice before been considered by this Court" and cites Buckeye Soda Company v. Oakite Products, Inc., 56 F.2d 462, 19 C.C. P.A., Patents, 1034, and Oakite Products, Inc., v. H. Kirk White & Co., 107 F.2d 590, 27 C.C.P.A., Patents, 712.

In the case of Buckeye Soda Company v. Oakite Products, Inc., supra, the court held that the mark "Novite" was confusingly similar to the trade-mark "Oakite." In the case of Oakite Products, Inc. v. H. Kirk White & Co., supra, the court held that there was no likelihood of confusion between the trade-mark "Oakite" and the trade-mark "So-White." The court there said [107 F.2d 592]:

"In the instant case we see practically no physical resemblance between the contesting marks, each considered as a whole, nor is there any resemblance in the per se meaning of the terms. 'Oakite' appears to be a purely arbitrary term. It is not suggestive of any quality of appellant's hand cleaner nor of any result obtained from its use. 'So-White' may be somewhat suggestive of quality or result, but, as was said below in substance, it consists of a combination of two ordinary English words and its meaning is hardly capable of being misunderstood."

The commissioner considered the Oakite Products, Inc., v. H. Kirk White & Co. case, supra, as controlling in the instant case, and in his decision said:

"So here, applicant's mark is made up of 'two ordinary English words.' For in relation to a cleaning preparation 'Globrite' obviously is a contraction of the words 'glow bright,' and I think that is the significance it would convey to the public. In their brief on appeal, as before the examiner of interferences, applicant's counsel have suggested that to purchasers who are familiar with applicant's name it might also mean 'globe right.' But the suggestion is farfetched, and the opinion of counsel is gratuitous."

We see practically no physical resemblance between "Oakite" and "Globrite," each considered as a whole, and there is no resemblance in the per se meaning of the terms. "Oakite" seems to be an arbitrary term. It does not suggest any quality of appellant's goods or any result to be attained from its use. "Globrite" seems to be suggestive of quality and result, and as the commissioner said in his decision, "applicant's mark is made up of 'two ordinary English words' * * * 'Globrite' obviously is a contraction of the words 'glow bright,' * * *" and its meaning is not likely to be misunderstood.

This court has taken note of phonetic spelling in many cases where it appeared that the conflicting words might be confused in pronunciation, but we see no reason for believing that confusion might be expected in the instant case.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.